

COPY

FILED

2014 APR 10 PM 4: 16

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

CHERYL D. ORR (SBN #143196)
PHILIPPE A. LEBEL (SBN #274032)
SABA S. SHATARA (SBN #294150)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

Attorneys for Defendant
Hobby Lobby Stores, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SA CV14-561- JVS ANt

| | |
|---|---|
| JEREMY FARDIG, JEREMY WRIGHT, and CHRISTIAN BOLIN, individually, and on behalf of all others similarly situated, | Case No. _____ <br><br> **NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT** |
| Plaintiff, | |
| v. | |
| HOBBY LOBBY STORES, INC., an Oklahoma Corporation; and DOES 1 through 100 inclusive, | |
| Defendants. | |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant HOBBY LOBBY STORES, INC. ("Hobby Lobby") hereby removes this action from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California This removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, 1441 and 1453.

## BACKGROUND

1.     On February 18, 2014, Plaintiffs Jeremy Fardig, Jeremy Wright, and Christian Bolin ("Plaintiffs") filed a Complaint against Hobby Lobby, entitled "*Jeremy Fardig, Jeremy Wright, and Christian Bolin, individually, and on behalf of all others similarly situated v. Hobby Lobby Stores, Inc., and Does 1 through 100, inclusive.*" in the Superior Court of California, for the County of Orange, Case No. 30-2014-00705589-CU-OE-CJC (hereinafter, the "Complaint"). True and correct copies of Plaintiffs' Complaint and Summons are attached hereto as Exhibit A to the Declaration of Saba S. Shatara. The allegations of the Complaint are incorporated by reference in this Notice of Removal without admitting them.

2.     Plaintiffs filed the Complaint as a putative class action pursuant to California Code of Civil Procedure Section 382. Complaint ¶ 26. Plaintiffs, former employees of Hobby Lobby, seek to represent the following classes of Hobby Lobby's current and former California employees (collectively, the "Putative Class"):

   a. Class One:  All persons who are and/or were employed as non-exempt managerial employees by Hobby Lobby Stores, Inc., in one or more California Hobby Lobby retail stores between February 6, 2010 and the present.

   b. Class Two:  All persons who are and/or were employed as non-exempt retail employees by Hobby Lobby Stores, Inc., in one or more

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

- 1 -

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

1    California Hobby Lobby retail stores between February 6, 2010 and
2    the present.

3    Complaint, ¶ 24.

4    3.    The Complaint alleges five causes of action: (1) failure to provide
5    meal and rest periods (Cal. Lab. Code §§ 226.7 and 512); (2) unlawful failure to pay
6    wages (Cal. Lab. Code §§ 200-204, 510, 1194, and 1198); (3) failure to provide
7    accurate itemized wage statements  (Cal. Lab. Code §§ 226 and 1174); (4) unfair
8    business practices under the Unfair Competition Law (Cal. Bus. and Prof. Code
9    §§17200 *et seq.*); and (5) violations of the Private Attorneys General Act ("PAGA")
10   (Cal. Lab. Code. §§ 2699 *et seq.*).

11   4.    This lawsuit is a civil action within the meaning of Acts of Congress
12   relating to removal of class actions. *See* 28 U.S.C. § 1453.  The Complaint, framed
13   as a putative class action seeking recovery for alleged wage and hour violations
14   under California law, is a class action as defined by 28 U.S.C. §§ 1332(d)(1)(B) and
15   1453.[1]

16   5.    No other proceedings have occurred in this action.

17   ## TIMELINESS OF REMOVAL

18   6.    Plaintiffs served a copy of their Summons and Complaint on Hobby
19   Lobby's registered agent for service of process on March 11, 2014.[2]  This Notice of
20   Removal is timely as it is filed within thirty days of service of the Complaint.  28
21   U.S.C. § 1446(b).

22   ## VENUE

23   7.    The Central District of California, Southern Division embraces the
24   County of Orange, where the action was pending prior to the filing of this Notice of

25

26   [1] Defendant neither concedes nor waives its right to contest Plaintiffs' allegation that the lawsuit may properly proceed as a class action.

27   [2] *See* Declaration of Saba S. Shatara ("Shatara Decl."), ¶ 2.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

- 2 -

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

1  Removal. Accordingly, venue is proper in the U.S. District Court for the Central

2  District of California, Southern Division. 28 U.S.C. § 1441(a); C.D. Cal. General

3  Order 349.

4  **JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

5  8.    Hobby Lobby removes this action pursuant to 28 U.S.C. § 1332(d), the

6  Class Action Fairness Act of 2005 ("CAFA"). CAFA provides the Federal District

7  Courts with original jurisdiction over civil class action lawsuits filed under federal or

8  state law in which any member of a class of plaintiffs is a citizen of a state different

9  from any defendant, and where the matter in controversy exceeds $5,000,000,

10  exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The exceptions set forth in

11  28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

12  9.    This action was initially brought pursuant to California Code of Civil

13  Procedure § 382 on behalf of a Putative Class, the size of which is unknown to

14  Plaintiff. Complaint ¶ 26. However, Plaintiffs claim that the number of individuals

15  in the Putative Class is, "at least, in the hundreds of individuals" and, in fact, is so

16  numerous that the individual joinder of all members is "impracticable, if not

17  impossible." *Id.*

18  10.    This Court has original jurisdiction over this case under 28 U.S.C. §

19  1332(d)(2) because this case is filed as a civil class action, the amount in controversy

20  exceeds $5,000,000, exclusive of interest and costs, and at least one member (if not

21  all) of the putative class of plaintiffs is a citizen of a state different from Hobby

22  Lobby.

23  *DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES*

24  11.    Pursuant to 28 U.S.C. § 1453(b), "[a] class action may be removed to a

25  district court of the United States in accordance with section 1446 (except that the

26  one-year limitation under section 1446 (b) shall not apply), without regard to

27  whether any defendant is a citizen of the State in which the action is brought, except

28  that such action may be removed by any defendant without the consent of all

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

SF01/ 936625.1

1  defendants." CAFA's diversity requirement is satisfied when any member of a class

2  of citizens is a citizen of a State different from any defendant. 28 U.S.C. § 1332

3  (d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.*

4  *Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th

5  Cir. 2010) (CAFA provides original diversity jurisdiction for class actions meeting

6  the minimal diversity requirements of 28 U.S.C.§ 1332 (d)(2)).

7      12.     Hobby Lobby is informed and believes that plaintiff Jeremy Fardig has

8  been a resident of Riverside County, California at all times relevant to this matter.

9  Based on payroll and human resources records maintained by Hobby Lobby, Mr.

10  Fardig's last known address is 861 Ranch Vista Road, Corona, CA 92879.[3]

11  Moreover, based on publicly available information and records, Mr. Fardig

12  continues to reside at this address and has been a resident of California since at least

13  November 1995. *See* Ex. 1 (LexisNexis Public Records Report) to Request for

14  Judicial Notice in support of Removal.

15      13.     Hobby Lobby is informed and believes that plaintiff Jeremy Wright

16  has been a resident of San Bernardino County, California at all times relevant to this

17  matter. Based on payroll and human resources records maintained by Hobby Lobby,

18  Mr. Wright's last known address is 1216 North Vallejo Way, Upland, CA 91786.[4]

19  Moreover, based on publicly available information and records, Mr. Wright

20  continues to reside at this address and has been a resident of California since at least

21  April 1994. *See* Ex. 2 (LexisNexis Public Records Report) to Request for Judicial

22  Notice in support of Removal.

23      14.     Hobby Lobby is informed and believes that plaintiff Christian Bolin

24  has been a resident of Riverside County, California at all times relevant to this

25  matter. Based on payroll and human resources records maintained by Hobby Lobby,

26

27      [3] Declaration of Teresa Wiley ("Wiley Decl."), ¶ 4.

28      [4] *Id.* ¶ 5.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

- 4 -

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

Mr. Bolin's last known address is 7187 Idyllwild Lane, Riverside, CA 92503.[5] Moreover, based on publicly available information and records, Mr. Bolin continues to reside at this address and has been a resident of California since at least August 1994. *See* Ex. 3 (LexisNexis Public Records Report) to Request for Judicial Notice in support of Removal.

15.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Therefore, all three Plaintiffs are citizens of California.

16.     Plaintiffs allege the Putative Classes consists of all non-exempt managerial and retail employees employed at one or more California Hobby Lobby retail stores during the relevant time periods in California. Complaint ¶ 24.

17.     A corporation is "deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Defendant Hobby Lobby Stores, Inc. is a corporation organized and existing under the laws of the State of Oklahoma.[6] Hobby Lobby's principal offices are located at 7707 SW 44th Street, Oklahoma City, Oklahoma.[7] Hobby Lobby's officers direct, control, and coordinate company business from these headquarters.[8] Thus, Hobby Lobby is a citizen of the State of Oklahoma for purposes of diversity jurisdiction because its "principal place of business" – its "nerve center" – is located in Oklahoma City. *See Hertz Corp. v. Friend*, 599 U.S. 77, 130 S. Ct. 1181, 1186 (2010).

18.     Here, diversity of citizenship is met because the Plaintiffs and at least some of the Putative Class members are citizens of California while the Hobby

---

[5] Wiley Decl., ¶ 6.

[6] *Id.* ¶ 2.

[7] *Id.*

[8] *See id.*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/936625.1

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

1   Lobby is a citizen of Oklahoma.  See 28 U.S.C. § 1332(d)(2)(A), *United Steel,*

2   *supra,* 602 F.3d at 1090-91.

3   <center>THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION[9]</center>

4   19.    The Complaint is silent as to the total amount of monetary relief

5   sought.  The failure of Plaintiff to specify the total amount of monetary relief sought,

6   however, does not deprive this Court of jurisdiction nor bar removal.  *See Levine v.*

7   *BIC USA, Inc.*, No. 07cv1096-LAB (RBB), 2007 U.S. Dist. LEXIS 60952, at *7-8

8   (C.D. Cal. Aug. 19, 2007).

9   <center>*A Preponderance of the Evidence Standard Applies*</center>

10   20.    A preponderance-of-the-evidence standard applies when assessing

11   whether the amount in controversy exceeds $5 million.  *Rodriguez v. AT&T Mobility*

12   *Services LLC*, No. 13-56149, 2013 WL 4516757, at *7 (9th Cir. Aug. 27, 2013); *see*

13   *also*, *Rea v. Michaels Stores Inc.*, No. 14–55008, 2014 WL 607322, at *3-4 (9th Cir.

14   Feb. 18, 2014) (reversing order remanding action and reaffirming an earlier Ninth

15   Circuit holding that a preponderance of the evidence standard—and not the more

16   burdensome legal certainty standard—applies to CAFA removals).  The

17   preponderance-of-the-evidence standard means only that a defendant must provide

18   evidence establishing that it is "more likely than not" that the amount in controversy

19   is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

20   This standard is not "daunting," and courts recognize that a removing defendant is

21   not obligated to "research, state, and prove the plaintiff's claims for damages."  *Korn*

22   *v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008) (*citing McCraw*

23   *v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky 1994)).  In measuring the amount in

24

25   _____

      [9] This Notice of Removal discusses the nature and amount of damages placed at issue by

26   Plaintiffs' Complaint.  Hobby Lobby's reference to specific damage amounts and related analysis
      are provided solely for the purpose of establishing that the amount in controversy is more likely

27   than not in excess of the jurisdictional minimum.  Nothing contained herein shall constitute an
      admission of liability or a suggestion that Plaintiffs or any Putative Class member could or will

28   recover damages from Hobby Lobby, or that the Putative Class is appropriate for certification.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

- 6 -

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

1    controversy, the ultimate inquiry is what amount is put "in controversy" by the

2    plaintiff's complaint, not what a defendant will actually owe.  *Id.*

3              *Under Any Burden of Proof, this Notice of Removal and Removal*
              *Establishes that the Amount in Controversy Exceeds $5 Million*

4         21.    Without admitting any allegations in the Complaint, and without

5    conceding that Plaintiff's definition of the putative class is proper or that class

6    certification is appropriate, Hobby Lobby states that Plaintiffs have alleged claims

7    which place an amount in excess of $5 million in controversy.  The assertions of

8    Hobby Lobby herein are limited to its preliminary understanding of Plaintiffs'

9    claims and data currently available to Hobby Lobby.

10        22.    According to Plaintiffs, the size of the putative class is unknown but is

11   so numerous that the individual joinder of all members is "impractical, if not

12   impossible."  Complaint ¶ 26.  As set forth above, Plaintiffs propose several

13   classes/subclasses.  The first includes "[a]ll persons who are and/or were employed

14   as non-exempt managerial employees by Hobby Lobby Stores, Inc., in one or more

15   California Hobby Lobby retail stores between February 6, 2010 and the present."

16   Complaint ¶ 24.  Based on its electronic employee records, Hobby Lobby asserts that

17   this putative class would include 65 individuals.[10]  The second putative subclass

18   consists of "[a]ll persons who are and/or were employed as non-exempt retail

19   employee by Hobby Lobby Stores, Inc., in one or more California Hobby Lobby

20   retails stores between February 6, 2010 and the present."[11]  Complaint ¶ 24.  Based

21   on its electronic employee records, Hobby Lobby asserts that this putative class

22   would include 2,399 individuals.[12]

23   _____

24        [10] Declaration of Allana Stephens ("Stephens Decl."), ¶ 4.

25        [11] Defendant notes that the Plaintiffs' proposed class includes past, current, and future
     employees.  As such, both the size of the putative class and the amount in controversy will
26   continue to expand as the case is litigated.  As a result, the amount in controversy is actually
     greater than the amount set forth in this Notice of Removal because there will be more individuals
27   in the putative class than accounted for in the calculations herein.

     [12] Stephens Decl., ¶ 4.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1                                 - 7 -

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

23.     Plaintiffs allege that Hobby Lobby failed to provide Plaintiffs and the putative class members meal and rest periods; failed to pay minimum and overtime wages; failed to provide accurate itemized wage statements; engaged in unfair business practices in violation of California Business and Professions Code §§ 17200-17208; and engaged in violations of California Labor Code §§ 2669, *et seq*. Complaint, *passim*.

24.     In determining whether the jurisdictional amount in controversy has been satisfied, courts may consider the maximum statutory penalty available. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000). Plaintiffs specifically request penalties permitted by Labor Code §§ 203, 226, and 1194.  In measuring the amount in controversy, the ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Id.*

*Minimum Wage Claim*

25.     Plaintiffs' claim for purportedly unpaid straight-time (i.e., minimum wages) places $497,890.32 in controversy.  Hobby Lobby's calculation of straight-time wages is based on an estimated one hour per employee per pay period,[13] at an estimated hourly wage of $10.08 for non-managerial class members and $18.95 for managerial putative class members,[14] throughout the statutory period.  Hobby Lobby further based its calculation as to this claim on an estimate of its workforce at any given time during the three-year period.[15]  Based on these figures, the amount placed

---

[13] Stephens Decl., ¶ 4 (providing that Hobby Lobby had bi-weekly pay periods at all relevant times, i.e., 26 pay periods per year).

[14] *See* ¶ 27 *infra* for an explanation as to the calculation of the hourly rates used in this calculation.

[15] Hobby Lobby based its calculation on the number of class members employed by Hobby Lobby on February 18th of each year since 2011.  There were 72 non-managerial class members and one managerial class member on February 18, 2011; 519 non-managerial class members and 12 managerial class members in 2012; 1013 non-managerial class members and 19 managerial class member s in 2013; and 1532 non-managerial class members and 39 managerial class member s in 2014.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

in controversy for each year (or portion thereof) by Plaintiffs' minimum wage claim is as follows:

| Period | Managerial Employees | Non-Managerial Employees | Amount in Controversy |
|---|---|---|---|
| 2/18/2011 – 12/31/2011 | 1 x $18.95 x 22 pay periods x 1 hour = $416.90 | 72 x $10.08 x 22 pay periods x 1 hour = $15,966.72 | $16,383.62 |
| 2012 | 12 x $18.95 x 26 pay periods x 1 hour = $5,912.40 | 519 x $10.08 x 26 pay periods x 1 hour = $136,019.52 | $141,931.92 |
| 2013 | 19 x $18.95 x 26 pay periods x 1 hour = 9,361.30 | 1013 x $10.08 x 26 pay periods x 1 hour = $265,487.04 | $274,848.34 |
| 2014 | 39 x $18.95 x 4 pay periods x 1 hour = $2,956.2 | 1532 x $10.08 x 4 pay periods x 1 hour = $61,770.24 | $64,726.44 |
| Total Amount in Controversy | -- | -- | $497,890.32 |

26.    This estimate—and particularly Hobby Lobby's application of one hour of additional wages—is reasonable.  First, although the highest hourly rate paid to managerial class members during the applicable three year period was $23.86, Hobby Lobby's calculation uses the more conservative minimum hourly rate of

$18.95.[16]  Similarly, although the highest hourly rate paid to non-managerial putative

class members was $20.90, Hobby Lobby's calculation uses the more conservative

average hourly rate of $10.08[17] during the three year statute of limitations.  Second,

due to Hobby Lobby's growth in California during the relevant years, a sample of

employees "at any given time" taken on February 18 will be more conservative than

a sample taken later in the year.  Third, in the Complaint Plaintiffs state that Hobby

Lobby disadvantaged its workers "by electing not to sufficiently offer meal and rest

periods to its California non-exempt retail employees, by not providing duty free and

uninterrupted meal and rest periods to its California non-exempt managerial

employees, [and] by not providing regular and/or overtime pay (as a result thereof)

when due…"  Complaint ¶ 5.  Plaintiffs go on to say that Hobby Lobby "knowingly

failed to properly compensate Plaintiffs and the Plaintiff Classes for all wages

earned and due."  *Id.* ¶ 27.  Additionally, Plaintiffs allege that Hobby Lobby

"refused to compensate employees for time spent undergoing mandatory security

checks after employees clocked out at the end of the shift or at the beginning of a

meal or rest break.  To date, employees have *never* been compensated for time spent

in these security checks."  *Id.* ¶ 47 (emphasis added).  Plaintiffs also state that Hobby

Lobby "refused to compensate employees for missed breaks when security checks

and/or job requirements caused the employees to receive less than 30 uninterrupted

and duty-free minutes for meal breaks or 10 uninterrupted and duty-free minutes for

rest breaks.  *Id.* ¶ 48.  Thus, Hobby Lobby's estimate of one hour per pay period is,

if anything, too conservative.  *See Muniz v. Pilot Travel Ctrs.*, No. 07-0325, 2007

WL 1302504, at *2 (E.D. Cal. May 1, 2007) (finding that defendant need not "prove

the plaintiff's claims" and assuming 100% violation rate when calculating amount in

---

[16] Stephens Decl., ¶ 5 providing that the highest hourly rate for managerial class members during the three year period was $23.86 and the minimum hourly rate was $18.95).

[17] *Id.* (providing that the highest hourly rate for retail class members during the three year period was $20.90 and the average hourly rate was $10.08).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

controversy); *Helm v. Alderwoods Grp., Inc.*, No. 08-1184, 2008 WL 2002511, at *5 (N.D. Cal. May 7, 2008) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit … that a certain number of … violations did indeed occur."); *Bryan v. Wal-Mart Stores, Inc.*, No. 08-5221, 2009 U.S. Dist. LEXIS 18555, at *10 (N.D. Cal. Feb. 23, 2009) (same); *Heejin Lim v. Helio, LLC*, No. 11-9183, 2012 U.S. Dist. LEXIS 12871, at *9 (C.D. Cal. Feb. 2, 2012) ("Defendants effectively would be required to concede liability were the Court to require a stronger showing….").

*Overtime Claim*

27.     Plaintiffs' claims for allegedly unpaid overtime wages place at least $746,840.40 in controversy.  This figure is based on an estimated one hour of overtime per pay period at an estimated overtime rate of $15.12 for non-managerial class members and $28.43 for managerial class members (150% of the regular hourly rates used above).  Hobby Lobby further based its overtime calculation on the same estimate of its workforce described in the previous section.  For the reasons explained in paragraph 27, the following estimate is reasonable:

| Period | Managerial Employees | Non-Managerial Employees | Amount in Controversy |
|---|---|---|---|
| **2/18/2011 – 12/31/2011** | 1  x $28.43 x 22 pay periods x 1 hour = $625.46 | 72 x $15.12 x 22 pay periods x 1 hour = $23,950.08 | $24,575.54 |
| **2012** | 12 x $28.43 x 26 pay periods x 1 hour = $8,870.16 | 519 x $15.12 x 26 pay periods x 1 hour = | $212,899.44 |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

| Period | Managerial Employees | Non-Managerial Employees | Amount in Controversy |
|---|---|---|---|
| | | $204,029.28 | |
| **2013** | 19 x $28.43 x 26 pay periods x 1 hour = $14,044.42 | 1013 x $15.12 x 26 pay periods x 1 hour = $398,230.56 | $412,274.98 |
| **2014** | 39 x $28.43 x 4 pay periods x 1 hour = $4,435.08 | 1532 x $15.12 x 4 pay periods x 1 hour = $92,655.36 | $97,090.44 |
| **Total Amount in Controversy** | -- | -- | **$746,840.40** |

*Meal and Rest Break Claim*

28.     In Plaintiffs' first cause of action, Plaintiffs demand meal and rest period penalties.[18]  Complaint ¶ 43.  Hobby Lobby estimates that unpaid meal period premiums place at least $416,780.26 in controversy.  Hobby Lobby bases this figure on an hourly wage of $10.08 for non-managerial class members and $18.95 for managerial class members.  In calculating potential meal period premium wages at-issue, Hobby Lobby relied solely on the estimated number of putative class members at any given time during the 2012 (519 non-managerial members and 12 managerial members) and 2013 (1013 non-managerial members and 19 managerial member), and assumed one missed meal period per pay period.[19]

---

[18] Under Labor Code § 226.7(b), an employer who fails to provide an employee a meal period in accordance with applicable provisions must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

[19] [(519 x $10.08 x 26 pay periods x 1 violation)+(12 x $18.95 x 26 pay periods x 1

SF01/ 936625.1

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29.     Plaintiffs seek additional premium wages for each workday in which a rest period was not timely provided.  Complaint ¶¶ 38-39, 43.  Using the same methodology utilized to calculate the amount of meal period premiums at-issue, Hobby Lobby determined that unpaid rest period premiums total at least $416,780.26.[20]

30.     The above methodology is both reasonable and proper (if not overly conservative):  In *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *3, *5 n. 4 (N.D. Cal. Mar. 1, 2012), the court deemed reasonable the defendant's meal period calculation which utilized a figure of one missed meal period *per week*. Here, Hobby Lobby assumes only one missed meal period per pay period. Moreover, Plaintiffs' own allegations suggest that meal and rest periods were missed *every day* because putative class members had to undergo mandatory security checks.  *See* Complaint, ¶ 40 ("*[M]andatory* security checks and customer service policies infringed on Plaintiffs' and putative Class Members' meal and rest breaks.") (emphasis added).  Significantly, Plaintiffs state that "[a]s a result of the time spent undergoing security checks and the requirements of [Hobby Lobby's] customer services policies, employees were denied the full period for meal and/or rest breaks, in violation of applicable law." *Id.*

*Waiting Time Penalties Claim*

31.     Under the Labor Code, employers must timely pay employees who are discharged or quit within specified time limits, otherwise, the wages of the employees shall continue as a penalty from the due date until paid, with a maximum penalty period of 30 days.  Cal. Lab. Code §§ 201, 203.

---

violation)] + [(1013 x $10.08 x 26 pay periods x 1 violation)+(19 x $18.95 x 26 pay periods x 1 violation)] = $416,780.26.

[20] As with the meal break calculation, an estimate of one missed rest break per pay period is reasonable in light of Plaintiffs' allegations.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

32.     Hobby Lobby has determined that at least $666,876.00[21] in waiting time penalties are at-issue, based on 525 retail employees and 14 managerial employees[22] whose employment terminated during the three-year statute of limitations and at least 30 days prior to the date of removal.  This figure is based on a conservative four-hour work day[23] at an estimated average hourly wage of $10.08 for regular employees and a minimum hourly wage of $18.95 for managerial employees.  Hobby Lobby's calculation is reasonable—and particularly Hobby Lobby's application of a 30-day period—in light of Plaintiffs' claim that Hobby Lobby "declined to pay these wages, even upon a Class Member's termination or resignation from employment."  Complaint ¶ 27.

*Itemized Wage Statement Claim*

33.     California Labor Code § 226 requires employers to provide complete and accurate wage statements to its employees.  Employers are liable to employees for each pay period that they fail to provide compliant wage statements, with a penalty of $50 for the initial violation and $100 for each subsequent violation, not to exceed $4,000 per employee.  Cal. Lab. Code § 226.  At this juncture Hobby Lobby has not yet been able to determine the precise number of paychecks issued.  However, for purposes of estimating this figure very conservatively, Hobby Lobby applied an assumption of a 12-week employment tenure (i.e., six two-week pay periods) to the 2,602 California employees who received paychecks between February 18, 2013 and February 18, 2014.[24]  Based on a $50 penalty for the first wage statement violation and a $100 penalty for all subsequent violations, Hobby

---

[21] ($10.08 x 4 hours x 30 days x 525 terminated regular employees)+($18.95 x 4 hours x 30 days x 14 terminated managerial employees) = $666,876.00.

[22] *See* Stephens Decl. ¶ 6.

[23] *See id.* (providing that retail employees work an average of four days a week, while managerial employees work an average of five days per week)

[24] *Id.* ¶ 7.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

1   Lobby estimates this claim could total $1,431,100.00.[25]

2   *Attorneys' Fees*

3       34.    Based on the figures above, which represent Hobby Lobby's best

4   assessment of Plaintiffs' claims based on the allegations in the Complaint, the total

5   amount of relief sought by Plaintiffs, exclusive of interest, costs, and attorneys' fees,

6   is approximately $4,176,267.24.  Because the Court is to consider attorneys' fees

7   when assessing whether a complaint meets the amount in controversy requirement

8   (*Goldberg v. C.P.C. Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982)), and because

9   attorneys' fees in a class action case of this size may exceed a third of the class

10  recovery, Hobby Lobby estimates that an additional $1,378,168.19 is in

11  controversy.[26]  Thus, altogether, Plaintiffs have placed $5,554,435.43 in controversy.

12      35.    Although Hobby Lobby denies any liability to Plaintiffs or to the

13  Putative Class and denies that any such class could properly be certified under

14  Federal Rule of Civil Procedure 23, as set forth above, the alleged aggregate amount

15  in controversy in this class action exceeds $5,000,000, exclusive of interest and

16  costs, and thereby satisfies the amount in controversy requirement of 28 U.S.C.

17  § 1332(d)(2).

18  **THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL**

19  **ARE SATISFIED**

20      36.    Hobby Lobby has complied with 28 U.S.C. §§ 1446(a) and (d) and has

21  attached true and correct copies of all of the process, pleadings, or orders on file in

22  state court or served on or by Hobby Lobby in the state court as Exhibit A to the

23  Declaration of Saba S. Shatara.

24      37.    Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal (with a

25

26     [25] (2,602 x $100 x 6 pay periods) – ($50 x 2,602) = $1,431,100.00.

27     [26] ($497,890.32 + $746,840.40 + $416,780.26 + $416,780.26 + $666,876.00 +
    $1,431,100.00) x 0.33 = $1,378,168.19.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

- 15 -

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

1   copy of this notice of removal) will be promptly filed with the clerk of the Superior

2   Court of California, County of Orange, Case No. 30-2014-00705589-CU-OE-CJC

3   and will promptly be served on Plaintiff's Counsel of Record.

4       38.    By removing this action to this Court, Hobby Lobby does not waive

5   any defenses, objections or motions available to it under state or federal law.  Hobby

6   Lobby expressly reserves the right to require that the claims of Plaintiff and all

7   members of the Putative Class be decided on an individual basis.

8       Based on the foregoing, because there is complete diversity of citizenship

9   and because the amount in controversy, exclusive of interest and costs, exceeds

10   $5,000,000, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331,

11   1332(d), 1441 and 1453.

Dated:  April 10, 2014               DRINKER BIDDLE & REATH LLP

By: *Cheryl D. Orr /ss*

Cheryl D. Orr
Philippe A. Lebel
Saba S. Shatara

Attorneys for Defendant Hobby Lobby
Stores, Inc.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 936625.1

NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____James V. Selna_____ and to
Magistrate Judge _____Arthur Nakazato_____ .

The case number on all documents filed with the Court should read as follows:

## SACV14-561-JVS(ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the assigned Magistrate Judge has been designated to hear discovery-related motions. All discovery-related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____April 10, 2014_____
Date

By: C. Sawyer_____
Deputy Clerk

---

## ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

---

CV-18 (04/14)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JEREMY FARDIG, JEREMY WRIGHT, and CHRISTIAN BOLIN, individually, and on behalf of all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

HOBBY LOBBY STORES, INC., an Oklahoma Corporation; and DOES 1 through 100 inclusive

**(b) County of Residence of First Listed Plaintiff**  Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**  Oklahoma
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Matthew R. Bainer and Molly A. Desario
Scott Cole & Associates, APC
1970 Broadway, Ninth Floor, Oakland CA 94612
(510) 891-9800

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Cheryl D. Orr and Philippe A. Lebel
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor, San Francisco, CA 94105
(415) 591-7500

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   SA  **CV14-561-1**

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court?<br><br>☒ Yes  ☐ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| C.1.  Is either of the following true?  If so, check the one that applies: | C.2.  Is either of the following true?  If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D,  below.<br><br>If none applies, answer question C2 to the right.  ➡ | ☐ 2 or more answers in Column D<br><br>☒ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D,  below.<br><br>If none applies, go to the box below.  ⬇ |
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. ||

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Southern |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** *Cheryl D. Orr /ss*     DATE: 4/10/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |