UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00561 JVS(ANx)   Date  August 11, 2014

Title  Jeremy Fardig, et al. v. Hobby Lobby Stores Inc.

Present: The Honorable  James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Matthew Bainer  Cheryl Orr / Philippe Lebel

**Proceedings:** **Plaintiff's Motion for Reconsideration (Fld 6-24-14)**

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the plaintiff's motion and rules in accordance with the tentative ruling as follows:

Plaintiffs Jeremy Fardig ("Fardig"), Jeremy Wright ("Wright"), and Christian Bolin ("Bolin") (collectively, "Plaintiffs") move this Court for reconsideration of its June 13, 2014 Order granting Defendant Hobby Lobby Stores, Inc.'s ("Hobby Lobby") motion to stay all proceedings and compel arbitration. (Mot., Docket No. 21.) Hobby Lobby opposes the motion. (Opp'n, Docket No. 22.) Plaintiffs have replied. (Reply, Docket No. 25.)

For the following reasons, the Court DENIES the motion for reconsideration.

## I. Background

The factual background to this case is familiar to the parties and to the Court.

This putative class action arises out of the employment relationship between Plaintiffs and Hobby Lobby. Fardig, Wright, and Bolin were all employed as non-exempt assistant managers at one or more of Hobby Lobby's California retail stores between 2012 and 2013.[1] (Shatara Decl. Ex. A ("Compl.") ¶¶ 11, 13, 15, Docket No. 7.) As a

---

[1] Fardig, Wright, and Bolin voluntarily terminated their employment with Hobby Lobby on October 23, 2013, November 16, 2013, and October 23, 2013, respectively. (Mumm Decl. Ex. G-I,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00561 JVS(ANx)                    Date  August 11, 2014

Title   Jeremy Fardig, et al. v. Hobby Lobby Stores Inc.

condition of their employment, Plaintiffs each signed a copy of Hobby Lobby's Mutual Arbitration Agreement ("Arbitration Agreement" or "Agreement").[2] (Mumm Decl. Ex. A–C.)

Under the terms of the Agreements signed by Plaintiffs, Plaintiffs and Hobby Lobby mutually agreed to arbitrate all disputes arising from Plaintiffs' employment.[3] (Id.) The Agreements provide:

> Employee and Company hereby agree that any dispute, demand, claim, controversy, cause of action, or suit . . . that Employee may have, at any time following the acceptance and execution of this Agreement, with or against Company . . . that in any way arises out of, involves, or relates to Employee's employment with Company or the separation of Employee's employment with Company . . . shall be submitted to and settled by final and binding arbitration in the county and state in which Employee is or was employed.

(Id.) The Arbitration Agreements further state that "Employee and Company are mutually agreeing to submit all Disputes contemplated in this Agreement to arbitration, rather than to a court." (Id.)

Notably, the Agreements provide for the waiver of class, collective, and joint claims:

> The parties agree that all Disputes contemplated in this Agreement shall be arbitrated with Employee and Company as the only parties to the arbitration, and that no Dispute contemplated in this Agreement shall be arbitrated, or litigated in a

---

Docket No. 11-1.)

[2] Fardig, Wright, and Bolin also signed substantially similar arbitration agreements as part of their applications to work for Hobby Lobby. (Mumm Decl. Ex. D-F.)

[3] The Agreements do exempt "claims for benefits under unemployment compensation laws or workers' compensation laws" and reserve the rights of the parties to "file claims with federal, state, or municipal government agencies." (Id.) These exceptions are inapplicable to the present case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00561 JVS(ANx)                                Date   August 11, 2014

Title   Jeremy Fardig, et al. v. Hobby Lobby Stores Inc.

court of law, as part of a class action, collective action, or otherwise jointly with any third party.

(Id.)

Plaintiffs filed this action in Orange County Superior Court on February 18, 2014. (Compl.) The Complaint alleges violations of various provisions of the California Labor Code and California Business Professions Code section 17200. (Id. ¶¶ 32–76.) Plaintiffs assert these claims on behalf of a putative class of non-exempt managerial employees employed by Hobby Lobby and a putative class of non-exempt retail employees employed by Hobby Lobby. (Id. ¶ 24.) Hobby Lobby removed the action to this Court on April 10, 2014. (Not. of Removal, Docket No. 1.)

On June 13, 2014, the Court granted Hobby Lobby's motion to compel the arbitration of Plaintiffs' claims on an individual basis pursuant to the Arbitration Agreements and stayed all proceedings pending completion of the arbitration. (Order, Docket No. 19.) The Court rejected Plaintiffs' argument that the Agreements were unconscionable for, among other things, including a waiver of Plaintiffs' rights to pursue Private Attorney General Act ("PAGA") claims on a representative basis. The Court reasoned, in line with the majority of federal district courts to have confronted the issue, that holding that the waiver of representative PAGA claims rendered an arbitration agreement unenforceable would frustrate the purposes of the Federal Arbitration Act ("FAA"). (Id. at 9–11.) Should such a waiver be unenforceable under California law, that law would be preempted as an obstacle to the FAA's objectives. (Id.)

Plaintiffs seek reconsideration of that Order.

## II. Legal Standard

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In the Central District, Local Rule 7-18 governs motions for reconsideration:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00561 JVS(ANx) | Date | August 11, 2014 |
| Title | Jeremy Fardig, et al. v. Hobby Lobby Stores Inc. | | |

  A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.[4]

L.R. 7-18. The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

## III.  Discussion

  The sole issue on which Plaintiffs seek reconsideration is the Court's conclusion that the Agreements are not substantively unconscionable for containing a waiver of the right to bring collective claims under the Private Attorney General Act, Cal. Lab. Code § 2699, et seq. (Mot. at 2–4.)

  PAGA is a provision of the California Labor Code that permits plaintiffs to bring representative claims on behalf of other aggrieved employees for an employer's violation of the California Labor Code for the purpose of collecting civil penalties. Cal. Lab. Code § 2699, et seq. PAGA essentially deputizes aggrieved employees and permits them to seek penalties for labor law violations "that could otherwise only be assessed by California's Labor and Workforce Development Agency." Cunningham v. Leslie's Poolmart, Inc., 2013 WL 3233211, at *5 (C.D. Cal. June 25, 2013).

---

[4] `See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.`, 5 F.3d 1255, 1263 (9th Cir. 1993) (providing that reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00561 JVS(ANx) | Date | August 11, 2014 |
| Title | Jeremy Fardig, et al. v. Hobby Lobby Stores Inc. | | |

In its prior Order, the Court held that PAGA claims appeared to be arbitrable on an individual basis, and that even if a waiver of the right to bring representative PAGA claims was unenforceable under California law, any conclusion that such unenforceability rendered the Agreements unconscionable was preempted due to the burdens it would place on accomplishing the FAA's goals of respecting arbitration agreements wherever possible. (Order at 9–11.) In AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1753 (2011), the Supreme Court held that the FAA preempted the California state-law rule finding that class action waivers in a consumer arbitration agreement were unconscionable. Moreover, the Concepcion Court made clear that any state-law rule standing as an obstacle to the accomplishment of the FAA's objectives of enforcing arbitration agreements according to their terms to allow for efficient procedures tailored to the specific dispute was preempted. Id. at 1748. The Court followed the majority of district court opinions to address the issue in holding that allowing the prosecution of representative PAGA claims, where such claims have been waived in an arbitration agreement, would slow the dispute resolution process, in opposition to the FAA's goals. See, e.g., Parvataneni v. E*Trade Financial Corp., 967 F. Supp. 2d 1298, 1304–05 (N.D. Cal. 2013); Miguel v. JPMorgan Chase Bank, N.A., 2013 WL 452418, at *9 (C.D. Cal. Feb. 5, 2013); Morvant v. P.F. Chang's China Bistro, Inc., 870 F. Supp. 2d 831, 845–46 (N.D. Cal. 2012); Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1140–42 (C.D. Cal. 2011); Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1181 (S.D .Cal. 2011).

Ten days after the Court issued its prior Order, the California Supreme Court addressed the issue of whether PAGA claims are arbitrable and whether the FAA preempts any rule rendering PAGA waivers unenforceable. See Iskanian v. CLS Transp. L.A., LLC, 59 Cal. 4th 348 (2014). In Iskanian, the court held definitively that as a matter of California law, an employee's right to bring a representative PAGA claim cannot be waived and any purported waiver in an arbitration agreement is unenforceable as a matter of state law. Id. at 383–84.

The California Supreme Court acknowledged that such a rule could be preempted if it stood in the way of the FAA's objectives, but reasoned that the FAA was aimed only at ensuring the efficient resolution of private disputes, while PAGA actions involved disputes between an employer and the state Labor and Workforce Development Agency. Id. at 384. The Court noted that in all but one case, the U.S. Supreme Court's cases interpreting the FAA involved disputes only involving the parties' own rights and obligations, rather than those of a public enforcement agency. See id. at 385–86. The one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00561 JVS(ANx)                               Date  August 11, 2014

Title     Jeremy Fardig, et al. v. Hobby Lobby Stores Inc.

case facing different circumstances held that the Equal Employment Opportunity Commission ("EEOC") was not barred by an arbitration agreement because the EEOC was not a party to the agreement, could prosecute the claim without the employee's consent, and the employee had no right to control the litigation. Id. at 386 (citing EEOC v. Waffle House, Inc., 534 U.S. 279, 288–91 (2002)).

While Hobby Lobby does not contest, nor could it, that the California Supreme Court is the final authority on the interpretation of California law, it remains the case that whether or not a California rule is preempted by the FAA is a question of federal law. In their papers, Plaintiffs seem to imply that because the California Supreme Court has determined that the rule against representative PAGA claim waivers is not preempted, and that decision can only be reviewed directly by the U.S. Supreme Court, that this Court is bound by its holding on the preemption issue. (See Mot. at 4; Reply at 2–3.) But that position is emphatically false. Preemption is an issue of federal law. The Court is not bound by a state court's interpretation of federal law, but rather must examine for itself whether the state rule is consistent with the structure and purpose of the federal rule. See, e.g., Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98 (1992); Kilgore v. KeyBank, Nat'l Ass'n, 673 F.3d 947, 960 (9th Cir. 2012) (holding that California rule permitting citizens to bring injunctive relief claims on behalf of the public was preempted by the FAA). Therefore, Iskanian's contrary reading of whether the PAGA waiver rule is preempted does not bind this Court.

Because the Iskanian decision is not actually a change in the law—or at least not controlling law—but rather only a contrary authority whose precedential value is persuasive instead of binding, the Court doubts whether reconsideration is even available under Local Rule 7-18. Moreover, assuming that the Iskanian decision permits the Court to reconsider its prior Order, the Court does not believe that it erred in holding the rule against representative PAGA claim waivers preempted. Unlike in Waffle House, where it was the EEOC actually bringing the suit, in this case Plaintiffs are the named parties, even if they stand in the shoes of a California agency. Moreover, it is Plaintiffs who would control the litigation. Finally, the Iskanian decision offers no persuasive answer to the Court's concerns, articulated in its prior order, regarding the aggregation of civil penalties and determining whether labor laws were violated as to other employees.

Even in light of Iskanian, the Court continues to hold that the rule making PAGA claim waivers unenforceable is preempted by the FAA. There is nothing in Iskanian that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-00561 JVS(ANx)                                  Date  August 11, 2014

Title  Jeremy Fardig, et al. v. Hobby Lobby Stores Inc. .

persuades the Court otherwise, and the Court is not bound by the California Supreme Court's understanding of federal law. The Court will therefore deny reconsideration of its prior Order. Plaintiffs may bring their PAGA claims as individuals or, to the extent this is not permitted by California law, as agents of the state, provided that the relief they may obtain is limited to what they could obtain as individuals.

## IV.  Conclusion

For the foregoing reasons, the Court DENIES the motion for reconsideration.

IT IS SO ORDERED.

: 07

Initials of Preparer  kjt