UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00561 JVS (ANx) | Date | November 10, 2014 |
| Title | Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al | | |

Present: The Honorable   James V. Selna

| Dwayne Roberts | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Matthew Bainer | Cheryl Orr |

**Proceedings:**   Plaintiff's Motion to Dismiss Case (Fld 10-13-14)

Defendant's Motion to Enforce Order and Enjoin Plaintiffs From Prosecuting Identical State Court Action; Request for Sanctions (Fld 10-13-14)

    Cause called and counsel make their appearances. Counsel argue. The Court **GRANTS** Plaintiffs' Motion to Dismiss; **DENIES** Hobby Lobby's Motion to Enforce Order and Enjoin Plaintiffs; and **DENIES** Hobby Lobby's Request for Sanctions and rules in accordance with the tentative ruling as follows:

    Plaintiffs Jeremy Fardig ("Fardig"), Jeremy Wright ("Wright"), and Christian Bolin ("Bolin") (collectively, "Plaintiffs") move to voluntarily dismiss their claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Plaintiffs' Motion to Dismiss ("MTD"), Docket ("Dkt.") No. 31.) Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") opposes the motion (Defendant's Opp'n to MTD ("MTD Opp'n"), Dkt. No. 35.) Hobby Lobby additionally moves this Court to enforce its June 13, 2014 order (Order, Dkt. No. 19) compelling Plaintiffs to arbitrate their five claims, and to enjoin Plaintiffs from prosecuting their allegedly identical state court action. (Defendant's Motion to Enjoin Plaintiffs ("Enjoinment Mot."), Dkt. No. 32.) Hobby Lobby also requests sanctions. (Id.) Timely opposition and reply briefs have been filed with regards to both motions. (Plaintiffs' Reply to Support MTD ("MTD Reply"), Dkt. No. 36); Plaintiffs' Opp'n to Enjoinment (Enjoinment Opp'n), Dkt. No. 34); Defendant's Reply to Support Enjoinment ("Enjoinment Reply"), Dkt. No. 37.)

    For the following reasons, the Court **GRANTS** Plaintiffs' motion to dismiss; **DENIES** Hobby Lobby's motion to enforce order and enjoin Plaintiffs; and **DENIES**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV14-00561 JVS (ANx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al | | |

Hobby Lobby's request for sanctions.

## I. **Background**

The factual background to this case is familiar to the parties and to the Court.

This putative class action arises out of the employment relationship between Plaintiffs and Hobby Lobby. Fardig, Wright, and Bolin were all employed as non-exempt assistant managers at one or more of Hobby Lobby's California retail stores between 2012 and 2013. (Enjoinment Mot., Exh. A ("Compl.") ¶¶ 11, 13, 15.) As a condition of their employment, Plaintiffs each signed a copy of Hobby Lobby's Mutual Arbitration Agreement ("Arbitration Agreement" or "Agreement"). (Mumm Decl., Exhs. A–C, Dkt. No. 11-1.) Under the terms of the Agreements signed by Plaintiffs, Plaintiffs and Hobby Lobby mutually agreed to arbitrate all disputes arising from Plaintiffs' employment. (Id.)

Hobby Lobby removed the action ("Original Complaint") from the Orange County Superior Court to this Court on April 10, 2014. (Not. of Removal, Dkt. No. 1.) The Original Complaint alleges five causes of actions, including violations of various provisions of the California Business and Professions Code section 17200 and California Labor Code, including a Private Attorney General Act ("PAGA") cause of action, Cal. Labor Code § 2699. (Compl., ¶¶ 32–76.) Plaintiffs assert these claims on behalf of a putative class of non-exempt managerial employees employed by Hobby Lobby and a putative class of non-exempt retail employees employed by Hobby Lobby. (Id. ¶ 24.)

On June 13, 2014, the Court granted Hobby Lobby's motion to compel the arbitration of Plaintiffs' claims on an individual basis pursuant to the Arbitration Agreements and stayed all proceedings pending completion of the arbitration. (Order, Dkt. No. 19.) On August 11, 2014, the Court denied Plaintiffs' motion for reconsideration of that stay. (Reconsideration Order, Dkt. No. 27.)

On October 7, 2014, Plaintiffs filed another complaint in Orange County Superior Court ("Second Complaint") alleging only a PAGA cause of action. (Enjoinment Mot., Exh. B ("Second Compl.").) As such, Plaintiffs seek to dismiss their class and individual claims without prejudice to solely pursue their PAGA cause of action in state court. (MTD, 1.) However, Hobby Lobby opposes the dismissal and separately moves the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV14-00561 JVS (ANx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al | | |

Court to enforce its order to compel arbitration, enjoin Plaintiffs' state court action, and award sanctions against Plaintiffs. (MTD Opp'n; Enjoinment Mot.)

II.     **Legal Standard**

Voluntary dismissal of Plaintiffs' claims is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure. Under Rule 41(a)(2), absent a stipulation of the parties, a court order is required to obtain voluntary dismissal after a defendant files an answer to, or in this case a motion to dismiss (Dkt. No. 11), the complaint: "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982) (upholding entry of voluntary dismissal under Rule 41(a)(2)) (citations omitted).

Voluntary dismissal under 41(a)(2) is granted liberally, provided a party will not suffer legal prejudice. Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989). Thus, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." Id. at 976 (internal quotation marks and citation omitted). Legal prejudice does not result from the uncertainty that arises as the result of the parties' unresolved dispute, a threat of future litigation, or inconvenience from defending in another forum in which the plaintiff is perceived as having a tactical advantage. Id. "A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." Id.; Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

III.    **Discussion**

Hobby Lobby's primary basis for its opposition to Plaintiffs' motion to dismiss and its motion to enjoin Plaintiffs' state court action is that Plaintiffs' Second Complaint is allegedly "factually identical to their Original Complaint and rests on the same theories of liability." (MTD Opp'n, 3:12-14.) Hobby Lobby admits that Plaintiffs' Second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV14-00561 JVS (ANx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al | | |

Complaint contains only one PAGA cause of action and not the other four causes of action alleged in their Original Complaint. (Id. at 3:15-21.) Even so, Hobby Lobby argues under a theory of collateral estoppel that the Court should enjoin Plaintiffs from trying to re-litigate the enforceability of their Arbitration Agreements after this Court held that the Federal Arbitration Act ("FAA") preempts the rule announced by the California Supreme Court that under California law, PAGA claim waivers are unenforceable. (Reconsideration Order, Dkt. No. 27); Iskanian v. CLS Transp. L.A., LLC, 59 Cal. 4th 348, 383-84 (2014). The Court will provide a brief background on the Court's prior orders regarding PAGA claim waivers before determining whether to grant Plaintiffs' motion to dismiss their Original Complaint or enjoin Plaintiffs' state court action

      A.    The Court's Prior Two Orders Regarding PAGA Claim Waivers

PAGA is a provision of the California Labor Code that permits plaintiffs to bring representative claims on behalf of other aggrieved employees for an employer's violation of the California Labor Code for the purpose of collecting civil penalties. Cal. Lab. Code § 2699, et seq. PAGA essentially deputizes aggrieved employees and permits them to seek penalties for labor law violations "that could otherwise only be assessed by California's Labor and Workforce Development Agency." Cunningham v. Leslie's Poolmart, Inc., 2013 WL 3233211, at *5 (C.D. Cal. June 25, 2013).

In its June 13, 2014 Order, the Court held that PAGA claims appeared to be arbitrable on an individual basis, and that even if a waiver of the right to bring representative PAGA claims was unenforceable under California law, any conclusion that such unenforceability rendered the Agreements unconscionable was preempted due to the burdens it would place on accomplishing the FAA's goals of respecting arbitration agreements wherever possible. (Order, 9–11, Dkt. No. 19.) Soon after the Court issued its Order, the California Supreme Court held definitively that as a matter of California law, an employee's right to bring a representative PAGA claim cannot be waived and any purported waiver in an arbitration agreement is unenforceable as a matter of state law. Iskanian, at 383–84. Plaintiffs moved this Court to reconsider its Order in light of Iskanian, but the Court denied the reconsideration motion and continued to hold that the rule making PAGA claim waivers unenforceable is preempted by the FAA. (Reconsideration Denial, Dkt. No. 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV14-00561 JVS (ANx)  Date  November 10, 2014

Title  Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al

Since the Court denied Plaintiffs' motion to reconsider, Plaintiffs have not taken any action regarding their Original Complaint until they filed this motion to dismiss.

###### B.  Plaintiffs' Motion to Dismiss

Plaintiffs move to dismiss their class and individual claims to pursue the PAGA cause of action in their Second Complaint in state court.  (MTD, 1.)  Hobby Lobby opposes this motion, contending that it will suffer legal prejudice as a result of the dismissal.  (MTD Opp'n, 4:6-15.)

Hobby Lobby argues that it will suffer legal prejudice because it "will be forced to incur the costs of re-litigating the enforceability of Plaintiffs' arbitration agreements for a third time."  (MTD Opp'n, 4:8-10.)  But Hobby Lobby also asserts that Plaintiffs' Original Complaint and Second Complaint are "factually identical" and rest "on the same theories of liability."  (MTD Opp'n, 3:13-14.)  Assuming that's true, then the only potential prejudice that Hobby Lobby seems to face from dismissal is having to defend against an action in state court as opposed to federal court.  Hobby Lobby suggests that because this Court disagrees with the California Supreme Court's ruling in Iskanian on the waivability of PAGA claims, that Plaintiffs' decision to dismiss their Original Complaint to pursue a PAGA claim where Iskanian would apply rises to the level of plain legal prejudice.  However, such alleged prejudice is not "prejudice to some legal interest, some legal claim, some legal argument," but rather is only "inconvenience from defending in another forum in which the plaintiff is perceived as having a tactical advantage."  Smith, 262 F.3d at 975.  Unless and until Iskanian is overturned, Plaintiffs' decision to pursue one of their Original Complaint's state law claims in state court to take advantage of friendlier case law does not constitute plain legal prejudice.  Moreover, as Plaintiffs note, any re-litigation in state court of whether Plaintiffs waived their PAGA claims with their Arbitration Agreements should be minimal or non-existent given the ruling in Iskanian.  Iskanian, 59 Cal. 4th at 383.  This dismissal may certainly inconvenience Hobby Lobby because it may have to litigate, rather than arbitrate, Plaintiffs' PAGA cause of action, but this is not the type of prejudice that precludes Rule 41(a)(2) dismissal of claims.  Although the Court rejects Hobby Lobby's collateral estoppel theory (infra Section III.C.2), there is no reason Hobby Lobby cannot present that to the state court.

Further, Hobby Lobby tries to distinguish Smith by arguing that in that case, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00561 JVS (ANx) | Date | November 10, 2014 |
| Title | Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al | | |

"claims asserted in the federal action were different than those asserted in the state action." (MTD Opp'n, 4:24-25); Smith, 262 F.3d at 974-75. The Court does not find this distinction to be persuasive. However, the Court finds persuasive Hobby Lobby's argument that like in Smith, dismissing the claims with prejudice will "strengthen [the] conclusion that the dismissal caused no legal prejudice." Smith, 263 F.3d at 976. But as described in the next paragraph, because class members will not be notified regarding the dismissal, the dismissal will be with prejudice only to the named class representatives. This will assure that Plaintiffs cannot re-litigate their PAGA cause of action against Hobby Lobby in federal court, but will allow absent class members to do so if they choose. See, e.g., Singh v. Pizza Hut of Am., Inc., 2002 U.S. Dist. LEXIS 26350 (W.D. Wash. Aug. 12, 2002) (approving parties' stipulation to a voluntary dismissal of a class action with prejudice to the named class representatives, but without prejudice to the absent members of the putative class).

Plaintiffs also request that the Court grant dismissal without notifying the putative class members. (MTD, 2-3.) Plaintiffs add that "the putative class members have not even received any formal notice that this matter is pending." (MTD, 3:15-16). Hobby Lobby does not oppose the lack of notice. Moreover, the Ninth Circuit allows for the "dismissal of class allegations without notice, so long as representative plaintiffs do not receive disproportionate recoveries and the absent class members do not suffer prejudice." Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401, 1409 (9th Cir. 1989). Plaintiffs have not been awarded any recovery, and the class members will not suffer prejudice because the motion will be granted without prejudice to the absent putative class members. The combination of Hobby Lobby's non-opposition and the presence of the Diaz factors supports granting the dismissal without notice to the class members.

Therefore, the Court **GRANTS** Plaintiffs' motion to dismiss with prejudice to the Plaintiffs, but without prejudice to the absent putative class members.

      C.    Hobby Lobby's Motion to Enforce Order and Enjoin State Court Action

Hobby Lobby urges the Court to enjoin Plaintiffs' state court action because Plaintiffs' Second Complaint is barred by collateral estoppel. (Enjoinment Mot., 8-12.) Hobby Lobby adds that the Anti-Injunction Act, 28 U.S.C. § 2283, does not prevent this Court from enjoining Plaintiffs' state court action. (Id. at 7:5 n.3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV14-00561 JVS (ANx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al | | |

### 1.   **Anti-Injunction Act**

The Anti-Injunction Act states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  The Ninth Circuit Court of Appeals and the U.S. Supreme Court have "cautioned that the exceptions are to be narrowly construed and 'should not be enlarged by loose statutory construction.'" Bennett v. Medtronic, Inc., 285 F.3d 801, 805 (9th Cir. 2002) (citing Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970)).

Hobby Lobby argues that the "aid of its jurisdiction" and "effectuate its judgments" exceptions apply.  (Enjoinment Mot., 7:17 n.4.)  Because the Court grants Plaintiffs' motion to dismiss under Rule 41(a)(2), neither of these exceptions apply.  With all of Plaintiffs' claims dismissed, there is nothing to aid the Court in its jurisdiction and there is no judgment which the Court needs effectuated.

### 2.   **Collateral Estoppel does not Apply**

Even if there were any remaining jurisdiction to preserve, Hobby Lobby's collateral estoppel argument fails on the merits.

Collateral estoppel, or issue preclusion, "precludes litigation of issues argued in prior proceedings." Paramount Farms, Inc. v. Ventilex B.V., 735 F. Supp. 2d 1189, 1202 (E.D. Cal. 2010) (quoting Lucido v. Superior Court, 51 Cal. 3d 335, 341 (1990)) (internal quotation marks omitted).  To apply collateral estoppel, five threshold requirements must be met, including: (1) the issue sought to be precluded from re-litigation must be identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00561 JVS (ANx) | Date | November 10, 2014 |
| Title | Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al | | |

Hobby Lobby contends that all five requirements are met. (Enjoinment Mot., 8-12.) The Court finds that collateral estoppel does not apply because the fourth requirement is not met and thus does not analyze the remaining requirements. Contrary to Hobby Lobby's contention, this Court's Orders on June 13, 2014 and August 11, 2014 do not constitute a final decision on the merits. Hobby Lobby believes this requirement is met because the two Orders "constitute final judgments on the issue of the enforceability of Plaintiffs' arbitration agreements." (Enjoinment Mot., 11:17-19.) For collateral estoppel, a final judgment is "any prior adjudication in *another action* that is determined to be 'sufficiently firm' to be accorded conclusive effect." Luben Indus., Inc. v. United States, 707 F.2d 1037, 1040 (9th Cir. 1983) (italics added). Although final judgment requires adjudication from another action, the basis of Hobby Lobby's collateral estoppel argument are two orders from this very action. Hobby Lobby cites two cases as authority for its argument that an order compelling arbitration constitutes a final judgment for the purpose of applying collateral estoppel, but both cases involved plaintiffs who filed complaints in federal district court after a California court issued an order compelling arbitration. (Enjoinment Mot., 11:19-24); see Southeast Resource Recovery Facility Auth. v. Montenay Intern. Corp., 973 F.2d 711, 713 (9th Cir. 1992); Brown v. Gen. Steel Domestic Sales, LLC, 2008 U.S. Dist. LEXIS 97832, at *13-16 (C.D. Cal. May 19, 2008). Those two cases are not analogous to this case. To the extent that Hobby Lobby believes its collateral estoppel argument has merit, it may make that argument in state court to defend against Plaintiffs' Second Complaint.

Two additional points further persuade this Court that its two Orders are not a final judgment on the merits. First, the fact that orders compelling arbitration are not appealable. Brown, 2008 U.S. Dist. LEXIS 97832 at *14-15. Second, the fact that if arbitration were to proceed, this Court would still retain the jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9, 10.

Therefore, the Court's two Orders compelling arbitration do not constitute a final judgment on the merits and as a result collateral estoppel does not apply.

Therefore, the Court **DENIES** Hobby Lobby's motion to enforce order and enjoin Plaintiffs' state court action.

D.   Hobby Lobby's Request for Sanctions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00561 JVS (ANx) | Date | November 10, 2014 |
| Title | Jeremy Fardig, et al v. Hobby Lobby Stores, Inc., et al | | |

Hobby Lobby requests sanctions because "Plaintiffs' attempt to re-litigate the enforceability of their arbitration agreements in the [state court action] was a clear act of defiance and an effort to circumvent the Court's June 13th and August 11th Orders." (Enjoinment Mot., 13:10-12.)  Because the Court denies Hobby Lobby's motion to enforce order and enjoin the state court action, their request for sanctions is moot.

Therefore, the Court **DENIES** Hobby Lobby's request for sanctions.

IV.     **Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to dismiss with prejudice to the Plaintiffs, but without prejudice to the absent putative class members; **DENIES** Hobby Lobby's motion to enforce order and enjoin the state court action; and **DENIES** Hobby Lobby's request for sanctions.

|               |    :    | 07 |
|---|---|---|
| Initials of Preparer | dr | |